# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | | |
|---|---|---|
| OSHANA SHEPHERD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO.   20 CV 2019 |
| | ) | |
| KANKAKEE COUNTY, KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY, KANKAKEE COUNTY CORRECTIONS OFFICER BUELL, KANKAKEE COUNTY CORRECTIONS OFFICER SCHLOENDORF, and KANKAKEE COUNTY CORRECTIONS OFFICER BRIGHT, | ) ) ) ) ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, OSHANA SHEPHERD, by and through her attorney, BASILEIOS J. FOUTRIS, and for her Complaint against the Defendants, KANKAKEE COUNTY, KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY, KANKAKEE COUNTY CORRECTIONS OFFICER BUELL, KANKAKEE COUNTY CORRECTIONS OFFICER SCHLOENDORF, and KANKAKEE COUNTY CORRECTIONS OFFICER BRIGHT, states as follows:

### Nature of Action

1.  This action is brought pursuant to the Laws of the United States Constitution, through 42 U.S.C. §1983 and 42 U.S.C. §1988, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants in connection with an incident on February 3, 2019.

### Jurisdiction and Venue

2.  This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

4. At all relevant times, KANKAKEE COUNTY was a municipal corporation located in the State of Illinois in this Judicial District and KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY was the duly elected Sheriff of Kankakee County in this Judicial District. At all relevant times, the Office of the KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY was the employer of Defendants, KANKAKEE COUNTY CORRECTIONS OFFICER BUELL, KANKAKEE COUNTY CORRECTIONS OFFICER SCHLOENDORF, and KANKAKEE COUNTY CORRECTIONS OFFICER BRIGHT (collectively referred to as the "Defendant Officers"). The Defendant Officers were at all relevant times employed by the Office of the KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY as duly appointed CORRECTIONS OFFICERS acting within the course and scope of their employment and under color of law. The Defendant Officers are being sued in their individual capacities with respect to the federal claims. The state claims against KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY are being advanced both on a *respondeat superior* basis, as that Office is the employer of the Defendant Officers, and pursuant to Illinois' indemnification statute.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On February 3, 2019, Defendants BUELL and SCHLOENDORF used force on the Plaintiff while acting within the course and scope of their employment for MICHAEL DOWNEY SHERIFF OF KANKAKEE COUNTY.

2

7. On February 3, 2019, the Plaintiff was an inmate in the Kankakee County Department of Corrections. The Defendant Officers, as part of their duties on said date, were charged with the well-being, safety, and continued incarceration of the Plaintiff, a pre-trial detainee, in the Kankakee County Department of Corrections. The Plaintiff posed no threat of danger to the Defendant Officers at any time on February 3, 2019. On February 3, 2019, the Plaintiff was being processed into the Kankakee County Department of Corrections when she interacted with the Defendant Officers. During the processing, BRIGHT was patting down the Plaintiff. As BRIGHT was patting down the Plaintiff in the processing room, Defendants BUELL and SCHLOENDORF each forcefully, and without legal justification or probable cause, grabbed one of the Plaintiff's arms, and, as her arms were being forcefully held, BUELL and/or SCHLOENDORF forcefully, and without legal justification or probable cause, shoved the Plaintiff's face onto a concrete counter. These actions by Defendants BUELL and/or SCHLOENDORF resulted in multiple fractures to the Plaintiff's face, including a left orbital fracture. The fractures necessitated significant medical care, including a surgical procedure. The actions of the Defendant Officers in shoving the Plaintiff's face on the concrete counter are on video.

8. The force described above was without warning, provocation, or legal justification. The Defendant Officers' acts described above were intentional and/or willful and wanton and/or unreasonable.

9. The use of force on the Plaintiff was done without probable cause.

10. The Plaintiff suffered injuries and bodily harm due to the force used against her, including the fractures described above.

11. The Plaintiff's conduct before, during and after the use of force did not warrant the amount of force used against her. At the time that force was used against the Plaintiff, BUELL and SCHLOENDORF knew, or should have known, that there was no probable cause or legal justification to use the amount of force that was used against the Plaintiff.

12. At the time that force was used against the Plaintiff, each Defendant Officer was in close proximity to both the Plaintiff and the other Defendant Officers, and could have intervened to stop or prevent the use of force, but failed to do so.

### COUNT I - 42 U.S.C. §1983
### Excessive Force –BUELL and SCHLOENDORF

13. The Plaintiff re-alleges Paragraphs 1 through 12, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 13.

14. As described above, BUELL and SCHLOENDORF used excessive force against the Plaintiff.

15. The misconduct was undertaken by BUELL and SCHLOENDORF under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

16. The acts of BUELL and SCHLOENDORF were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

17. As a direct and proximate result of the acts of BUELL and SCHLOENDORF, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, OSHANA SHEPHERD, prays for judgment in her favor and against the Defendants, KANKAKEE COUNTY CORRECTIONS OFFICER BUELL, and

KANKAKEE COUNTY CORRECTIONS OFFICER SCHLOENDORF, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT II - 42 U.S.C. §1983
### Failure to Intervene –BUELL, SCHLOENDORF and BRIGHT

18. The Plaintiff re-alleges Paragraphs 1 through 17, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 18.

19. As described above, the Defendant Officers stood by and watched without intervening to prevent the violence to which the Plaintiff was subjected in violation of the United States Constitution, even though they each had a reasonable opportunity to prevent the harm and/or the unlawful behavior referenced above, but failed to do so.

20. The misconduct was undertaken by BUELL, SCHLOENDORF, and BRIGHT under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

21. The acts of BUELL, SCHLOENDORF, and BRIGHT were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

22. As a direct and proximate result of the acts of BUELL, SCHLOENDORF, and BRIGHT, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, OSHANA SHEPHERD, prays for judgment in her favor and against the Defendants, KANKAKEE COUNTY CORRECTIONS OFFICER BUELL, KANKAKEE COUNTY CORRECTIONS OFFICER SCHLOENDORF, and KANKAKEE COUNTY CORRECTIONS OFFICER BRIGHT**,** awarding compensatory damages, punitive

damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### COUNT III – Illinois State Law
*Respondeat Superior* Battery – MICHAEL DOWNEY SHERIFF OF KANKAKEE COUNTY

23. The Plaintiff re-alleges Paragraphs 1 through 22, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 23.

24. As described above, Defendant, KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY, by and through its employees KANKAKEE COUNTY CORRECTIONS OFFICER BUELL and KANKAKEE COUNTY CORRECTIONS OFFICER SCHLOENDORF, who were acting in the course and scope of their employment, intended to cause, and did cause, harmful and/or offensive contact of the Plaintiff without legal justification and/or probable cause.

25. As a proximate result of the aforementioned intentional, harmful and/or offensive conduct of Defendant, KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY, by and through its employees KANKAKEE COUNTY CORRECTIONS OFFICER BUELL and KANKAKEE COUNTY CORRECTIONS OFFICER SCHLOENDORF, who were acting in the course and scope of their employment, the Plaintiff was injured; has endured and will in the future endure physical and emotional pain and suffering; has become disfigured and disabled; has suffered a loss of his normal life and/or disability; and has incurred and will in the future incur expenses for hospitalizations, medical care, rehabilitative care and other related medical costs.

26. The above-referenced misconduct was undertaken by KANKAKEE COUNTY CORRECTIONS OFFICER BUELL and KANKAKEE COUNTY CORRECTIONS OFFICER SCHLOENDORF under color of law and under the course and scope of their employment, and was undertaken intentionally. Pursuant to the doctrine of *respondeat superior*, as the employer of

Defendants BUELL and SCHLOENDORF, KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY is liable to the Plaintiff for Defendant BUELL's and Defendant SCHLOENDORF's actions/interaction with the Plaintiff, as outlined above.

WHEREFORE, the Plaintiff, OSHANA SHEPHERD, prays for judgment in her favor and against the Defendant, KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY, awarding compensatory damages and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

### Count IV- Illinois State Law
### Indemnification- KANKAKEE COUNTY and MICHAEL DOWNEY SHERIFF OF KANKAKEE COUNTY

27. The Plaintiff realleges Paragraphs 1 through 26, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 27.

28. At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

29. The Defendant, MICHAEL DOWNEY SHERIFF OF KANKAKEE COUNTY, pursuant to Illinois law, including, but not limited to the provisions found in 55 ILCS 5/3-6015, 55 ILCS 5/3- 6016 and 745 ILCS 10/9-102, is liable as principal for all torts committed by his employees/agents and must indemnify them.

30. The Defendant, KANKAKEE COUNTY, pursuant to Illinois law, including, but not limited to the provisions found in 55 ILCS 5/5-1002, 745 ILCS 10/9-102 and *Carver v. Sheriff of LaSalle County*, 203 Ill.2d 497 (2003), must indemnify the Defendants, KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY, KANKAKEE COUNTY CORRECTIONS OFFICER BUELL, KANKAKEE COUNTY CORRECTIONS OFFICER SCHLOENDORF, and KANKAKEE COUNTY CORRECTIONS OFFICER BRIGHT.

WHEREFORE, the Plaintiff, OSHANA SHEPHERD, pursuant to 55 ILCS 5/3-6015, 55 ILCS 5/3- 6016, 55 ILCS 5/5-1002, 745 ILCS 10/9-102 and *Carver v. Sheriff of LaSalle County*, 203 Ill.2d 497 (2003), demands judgment against Defendants, MICHAEL DOWNEY SHERIFF OF KANKAKEE COUNTY, and KANKAKEE COUNTY, in the amounts awarded to the Plaintiff against KANKAKEE COUNTY SHERIFF MICHAEL DOWNEY, KANKAKEE COUNTY CORRECTIONS OFFICER BUELL, KANKAKEE COUNTY CORRECTIONS OFFICER SCHLOENDORF, and KANKAKEE COUNTY CORRECTIONS OFFICER BRIGHT, and for whatever additional relief this Court deems just and appropriate.

## JURY DEMAND

The Plaintiff demands a trial by jury on all Counts.

Respectfully Submitted by,

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 W.  Jackson, Suite 252
Chicago, IL 60604
312-212-1200
bfoutris@foutrislaw.com